UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ARTHUR CRABTREE, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 3:25-cv-485 |
| v. | ) | Judge Atchley |
| TENNESSEE DEPARTMENT OF CORRECTION and STATE OF TENNESSEE, | ) | Magistrate Judge McCook |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, an inmate of the Knox County Detention Facility ("KCDF"), initiated this action by filing a pro se complaint for violation of 42 U.S.C. § 1983 challenging the validity of his sentence [Doc. 2] and an incomplete and unsigned application for leave to proceed *in forma pauperis* [Doc. 1]. Then, after the Court entered a deficiency order regarding his *in forma pauperis* motion [Doc. 5], Plaintiff filed both (1) a completed application for leave to proceed *in forma pauperis* [Doc. 6], to which he attached an incomplete inmate account certificate [*Id.* at 3], and (2) a motion for a Court order requiring KCDF officials to provide his inmate trust account documents, as KCDF officials told him they would not provide those documents without a Court order [Doc. 7]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and this action will be **DISMISSED** because the complaint [Doc. 2] fails to state a claim upon which relief may be granted under § 1983.

I.     **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

While Plaintiff still has not filed his inmate trust account documents, it is apparent from his most recent filing that he attempted to obtain those documents, but KCDF officials refused to

provide them without a Court order [Doc. 7 at 1]. Accordingly, the Court will not allow this administrative constraint to further delay resolution of this action, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and he is **ASSESSED** the $350.00 civil filing fee. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period before the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such income exceeds ten dollars ($10.00), until he has paid the full filing fee. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.

This memorandum and order **SHALL** be placed in Plaintiff's institutional file and follow him if he is transferred to a different place of confinement.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at

2

screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial PLRA review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Complaint Allegations

Plaintiff received a sentence of three years at 100%, but federal law mandates that he serve only 85% of his sentence [Doc. 3 at 3–4]. According to Plaintiff, the Tennessee Department of Correction's "FOIL" website is the only way for him to check his sentence end date, and at one point his sentence end date was listed as June 10, 2025, but it later changed to November 21, 2025, which means that Plaintiff will serve more than 85% of his sentence [*Id.* at 4]. Plaintiff asserts that he has not incurred any disciplinary infractions that would increase his sentence, and that he is being held longer than he should be [*Id.*].

Plaintiff has sued the Tennessee Department of Correction and the State of Tennessee [*Id.* at 1, 3]. As relief, Plaintiff requests monetary damages and release [*Id.* at 5].

### C. Analysis

First, as set forth above, Plaintiff has sued the TDOC and the State of Tennessee. However, these are not entities subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S.

3

58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the TDOC is not a "person" within meaning of 1983). Accordingly, the complaint is subject to dismissal on this ground.

The Court additionally notes Plaintiff's allegation that his 3 year sentence to be served at 100% violates a federal law mandating that he cannot serve more than 85% of his sentence is conclusory, as he does not cite any law to support this assertion, nor is the Court aware of any such law.[1] But even if the Court assumes that such a law exists, Plaintiff's attempt to seek relief from his sentence under § 1983 is not cognizable herein, as he does not state that any court or other tribunal has invalidated that sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing that a § 1983 action challenging an underlying conviction or sentence "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Additionally, Plaintiff's request for relief in the form of immediate release is likewise not cognizable under § 1983, as the Supreme Court has expressly held "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[1] The Court's attempt to research this statement suggests that it refers to "[t]he Federal TIS Incentive Grant Program," which did not limit the percentage of a sentence an offender could serve but instead incentivized states "to have or pass laws requiring those who commit serious violent offenses to serve at least 85 percent of their imposed sentences in prison." https://nij.ojp.gov/topics/articles/truth-sentencing-and-state-sentencing-practices (last visited Oct. 30, 2025).

As such, the complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED without prejudice**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, and it is therefore **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**